**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **IDANIA GORRITA ALVAREZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-769-J** |
| | ) | |
| **WARDEN, Diamondback Correctional,** | ) | |
| **Facility et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Idania Gorrita Alvarez, a noncitizen[1] and citizen of Cuba proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging her detention by U.S. Immigration and Customs Enforcement (ICE). (ECF No. 6). United States District Judge Bernard M. Jones II referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondents filed a response. (ECF No. 12).[2] Petitioner has not filed a reply and the time to do so has lapsed, so the matter is at issue. (ECF No. 8:1) Petitioner has also filed a motion to prevent her

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] The response was not filed on behalf of the Warden of Diamondback Correctional Facility because he is not a federal official. (ECF No. 12:1, n.1). The undersigned concludes that a separate response from the Warden is not necessary to resolve this matter.

transfer to another facility. (ECF No. 7).[3] Respondents have since filed a status report advising that Petitioner received a bond hearing before an Immigration Judge. (ECF No. 13).

For the reasons set forth below, the undersigned recommends that the Court **DENY** the Petition as moot because Petitioner has received a bond hearing, and **DISMISS** Petitioner's conditions of confinement claims without prejudice.

## I. BACKGROUND AND PETITIONER'S CLAIMS

On or about October 9, 2021, Petitioner entered the United States at or near San Luis, Arizona. (ECF No. 12-1:1). On October 15, 2021, ICE officials placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear (NTA) and charged her with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without having

[3] The undersigned recommends that the court **DENY** Petitioner's motion to prohibit her transfer. (ECF No. 7). Under 8 U.S.C. § 1252(a)(2)(B)(ii), "no court shall have jurisdiction to review any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." *Id.* (citation modified). The decision regarding where to detain noncitizens awaiting removal proceedings is a discretionary power of the Secretary of DHS. under 8 U.S.C. § 1231(g)(1), ICE "shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." The Tenth Circuit has confirmed "the Attorney General is mandated to arrange for appropriate places of detention for [persons] detained pending removal." *Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) (holding in a civil rights lawsuit "a district court has no jurisdiction to restrain the Attorney General's power to transfer [ICE detainees] to appropriate facilities by granting injunctive relief"). Accordingly, § 1252(a)(2)(B)(ii) also bars judicial review of any decision by Respondents to transfer Petitioner to another ICE facility. *See Olola v. U.S. Att'y Gen.,* 2018 WL 11446892, at *4 (D. Colo. Feb. 2018) ("Federal law unambiguously strips federal district courts of jurisdiction to stay or enjoin an alien's removal.") (citation modified). Therefore, the undersigned concludes the Court does not have jurisdiction to prohibit Petitioner's transfer to another ICE facility.

been admitted or paroled. (ECF No. 12-1:1). The NTA did not designate Petitioner as an "arriving alien." *Id.* Petitioner was released into the interior of the United States, presumably through an Order of Recognizance.[4] *See* ECF No. 12-2:1 (indicating Petitioner was released after being apprehended).

Petitioner remained in the United States until February 25, 2026, when ICE re-detained her. (ECF No. 6:2). While detained at the Diamondback Correctional Facility in Watonga, Oklahoma, Petitioner filed the present habeas Petition, arguing that her current detention violates her Fifth Amendment right to Due Process.[5] (ECF No. 6). Petitioner asks the Court to immediately release her, subject to certain reporting conditions, or alternatively, provide her with a bond hearing. (ECF No. 6:7).

---

[4] In its April 29, 2026 Order, the Court specifically directed Respondents to provide documents concerning Petitioner's "current detainment" and, if applicable, "the statutory basis for the re-detention/the basis on which Petitioner's released was revoked." (ECF No. 8:2). After Respondents filed their response without attaching the documents referenced therein, the Court again ordered Respondents to comply and provide "the appropriate paperwork and evidence" necessary to adjudicate the Petition. (ECF No. 11:1-2). Despite those two orders, Respondents have only submitted documents relating to Petitioner's October 2021 apprehension by CBP. (ECF No. 12, Ex. 1 & 2). And even those documents are incomplete. The Form I-213 submitted by Respondents indicates Petitioner was served with a Form I-200 (arrest warrant) and a Form I-286 (custody determination notice) in October 2021, and yet, Respondents have not provided these relevant documents. (ECF No. 12-2:2). Likewise, Respondents have not submitted any warrant, custody determination notice, or any other relevant records concerning Petitioner's February 25, 2026 re-detention.

[5] Petitioner is still detained at Diamondback Correctional Facility. *See* ICE Detainee Locator, https://locator.ice.gov/odls/#/search (Last visited Sept. 29, 2026).

On July 29, 2026, an Immigration Judge ordered Petitioner removed.[6] Petitioner appealed the decision to the Board of Immigration Appeals on August 12, 2026, and that appeal remains pending. *Id*. Accordingly, the removal order is not administratively final and does not impact the undersigned's analysis below.[7]

On August 26, 2026, while this matter was pending, an Immigration Judge held a custody redetermination hearing pursuant to 8 C.F.R. § 1236 and denied Petitioner bond, finding that she "constitutes a flight risk." (ECF No. 13-1:3). Petitioner reserved her right to appeal the bond decision to the Board of Immigration Appeals, and any appeal is due by September 26, 2026. (ECF No. 13-1:4).

## II. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)). Because Petitioner proceeds *pro se*, the Court liberally construes her pleadings and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[6] *See* EOIR Automated Case Information System, acis.eoir.justice.gov/en/caseInformation (Last visited Sept. 29, 2026).

[7] An order of removal "shall become final upon the earlier of – (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(47)(B).

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "Because mootness is a matter of jurisdiction, a court may raise the issue *sua sponte*." *Id.*

## III. SECTION 1226(a) APPLIES TO PETITIONER'S DETENTION

Respondents assert that Petitioner "is an 'applicant for admission'" who "is detained pursuant to 8 U.S.C. § 1225(b)(2)(A)" and who "may not be released on bond." (ECF No. 12:1 nn.2, 4). They further contend that Petitioner does not "challenge the Department of Homeland Security's decision to detain her pursuant to 8 U.S.C. § 1225(b)(2)(A), rather than 8 U.S.C. § 1226(a)," and that "[t]he only issue before this Court is whether her continued detention violates due process." (ECF No. 12:1-2).[8]

The undersigned finds Respondents' characterization of the Petition unpersuasive. When asked on the *pro se* habeas form which decision or action she challenges, Petitioner answered she was challenging her "[o]ngoing immigration detention without bond hearing." (ECF No. 6:2). And in her request for relief, she asks, in the alternative, for "an immediate and individualized bond hearing." (ECF No. 6:7). Liberally construed, Petitioner in part challenges her continued detention without access to an individualized bond determination.

[8] On that framing, Respondents argue that Petitioner has not pleaded her due process claims with the particularity required by Rule 2(c). (ECF No. 12:3-4).

Under the INA, detention of aliens who are "applicants for admission"[9] and "seeking admission" is mandatory under 8 U.S.C. § 1225(b)(2)(A). In contrast, § 1226(a) provides for the arrest of aliens on a warrant and grants ICE the discretion to continue detention of the alien or to release the alien on bond.[10]

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). The court held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz v. Mullin*, 180 F.4th at 1237. The court reasoned based on the statutory text and context that:

> once a noncitizen has entered unlawfully, no amount of legal maneuvering allows him to go back in time and make his initial entry lawful. The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

---

[9] 8 U.S.C. § 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." The statute defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13).

[10] The regulations accompanying the statute explain the various levels of review for a bond determination. An ICE officer makes the initial detention or release determination, and the alien bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If the officer determines the alien should be detained, the alien can seek review of that decision at a bond hearing before an immigration judge. Id. § 236.1(d)(1). An immigration judge's decision to detain may be further appealed to the Board of Immigration Appeals (BIA). Id. § 236.1(d)(3). *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

*Id.* at 1239. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances.

Respondents rely on Petitioner's status as an "applicant for admission" to argue that § 1225(b)(2)(A) mandates her detention. (*See* ECF No. 12). However, the Tenth Circuit rejected this interpretation of the statute in *Santillan Quiroz*.[11]

Based on the Tenth Circuit's decision in *Santillan Quiroz*, the undersigned concludes that Petitioner, who was detained in the interior of the United States years after being released into the interior of the country, is subject to detention under § 1226(a). *See Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (concluding that re-detention in the interior was "more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)").

Detention under § 1226(a) would warrant a bond hearing under *Santillan Quiroz*. *See Santillan Quiroz*, 180 F.4th at 1251 n.13; *see also Singh v. Cerna*, No. CIV-26-757-R, 2026 WL 1973892, at *1 (W.D. Okla. July 8, 2026). However, as noted, on August 26, 2026, Petitioner was afforded a bond hearing, and bond was denied based on a finding that Petitioner presents a flight risk. (ECF No. 13-1:3).

---

[11] Respondents rely on authorities addressing mandatory detention under § 1225(b)(2)(A), including *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). (ECF No. 12:10, 13). Respondents do not address the Tenth Circuit's intervening decision in *Santillan Quiroz*. To the extent Respondents' constitutional arguments depend on the premise that § 1225(b)(2)(A) governs Petitioner's detention, that premise is inconsistent with *Santillan Quiroz* under the circumstances presented here.

## IV. DENIAL OF THE PETITION AS MOOT

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting U.S. Const. art. III, § 2). "In order to invoke federal-court jurisdiction, a [petitioner] must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (internal quotation marks omitted). This means "an actual controversy must be extant at all stages of review." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997). "If an intervening circumstance deprives the [petitioner] of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp.*, 569 U.S. at 72 (internal quotation marks omitted). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks omitted).

Petitioner asks the Court to immediately release her, subject to certain reporting conditions, or alternatively, to provide her with "an immediate and individualized bond hearing." (ECF No. 6:7). Consistent with a common approach in this District, the undersigned finds that the appropriate remedy would be a constitutionally sufficient bond hearing as a lesser remedy than release for a noncitizen detained under § 1226(a). *See Santillan Quiroz*, 180 F.4th at 1251 n.13; *see also Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("As a remedy, Petitioner requests his

immediate release, but the Court concludes that a bond or custody redetermination hearing is the appropriate remedy." (citing *Boumediene v. Bush*, 553 U.S. 723, 779 (2008))). As Judge Russell acknowledged, "Petitioner is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond." *Id.* (citation modified). As such, "an individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute." *Id.* (citation modified). Further, Petitioner has not alleged or provided evidence that she was previously detained and released under an Immigration Judge's bond order or any other provision now warranting immediate release.[12]

---

[12] In some cases, Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked in the absence of changed circumstances or proper procedures. *See, e.g.*, *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1-2 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's immediate release and stating "while the Attorney General has authority to revoke bond at any time under 8 U.S.C. § 1226(b), if an immigration judge has determined the noncitizen should be released, the DHS may not re-arrest that noncitizen absent a change of circumstance") (citation modified). Here, the record indicates only that Petitioner was released following her 2021 apprehension, presumably through an Order of Recognizance, *see supra* note 4, and Petitioner does not allege or prove she was previously ordered released pursuant to § 1226(a) by an immigration judge rather than at the discretion of an ICE or customs agent. Accordingly, Petitioner has not alleged or provided evidence that the circumstances of her re-detention entitle her to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (finding petitioner is entitled to a bond hearing but not release because he "has not provided the Court with evidence of his prior Order of Release or its terms, nor has Petitioner supported his requested form of relief with legal authority"). Therefore, the undersigned concludes Petitioner would be entitled only to a bond hearing and not release.

But, as discussed, while this matter was pending, an Immigration Judge afforded Petitioner a bond hearing, the only relief to which she is entitled, and bond was denied. (ECF No. 13-1:3). Because this Court can afford Petitioner no further relief, the Court should deny the Petition as moot.[13] *See Perez v. Grant*, No. 26-596-SLP, 2026 WL 1182039, at *5 (W.D. Okla. Apr. 30, 2026) ("[T]he Court should deny Petitioner's request for a bond hearing as moot, to the extent he already received the bond hearing he is entitled to under § 1226(a)"); *Singh v. Blanche*, No. 26-311-D, 2026 WL 915596, at *9 (W.D. Okla. Apr. 3, 2026) (recommending denial of the Petition because the petitioner already received a bond hearing), *adopted*, 2026 WL 1010480.[14]

## V. THE COURT SHOULD DISMISS PETITIONER'S CONDITIONS OF CONFINEMENT CLAIMS

Petitioner alleges that the conditions of her detention are unconstitutional because she is not receiving adequate treatment for a serious cardiac condition. (ECF No. 6:6). Petitioner alleges that she previously underwent heart surgery, requires continuing cardiac monitoring and specialized treatment, and has experienced delays or restrictions in obtaining that care. *Id*.

---

[13] For the same reason, the Court should decline to consider Petitioner's argument that her detention has become so prolonged that it violates her due process rights (to the extent Petitioner raises this argument) because, at most, she would only be entitled to a bond hearing — relief she has already received. *See Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *6 n.3 (W.D. Okla. Dec. 16, 2025) (declining to decide the merits of a petitioner's additional due process claim when adopting the recommended relief of a bond hearing pursuant to § 1226(a)).

[14] Nothing in this Report and Recommendation prevents Petitioner from realleging any claim if she remains detained into the post-removal period in violation of the law.

Those allegations challenge the conditions under which Petitioner is confined rather than the legal authority for or duration of her detention. In the Tenth Circuit, claims concerning conditions of confinement ordinarily must be brought through a civil rights action rather than a petition for habeas corpus. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). The undersigned therefore recommends that the Court **DISMISS** Petitioner's conditions of confinement claims without prejudice to her ability to pursue those claims in an appropriate civil action.

## VI. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **DENY** the habeas Petition as moot and **DISMISS** Petitioner's conditions of confinement claims without prejudice. The undersigned further recommends that the Court **DENY** Petitioner's motion to prohibit her transfer. (ECF No. 7).

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **October 6, 2026**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VII. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on September 29, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE