**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

IDANIA GORRITA ALVAREZ, )
)
Petitioner, )
)
v. ) Case No. CIV-26-769-J
)
WARDEN, DIAMONDBACK )
CORRECTIONAL FACILITY, et al., )
)
Respondents. )

**ORDER**

Petitioner Idania Gorrita Alvarez, a citizen of Cuba proceeding pro se, is currently in the custody of the U.S. Immigration and Customs Enforcement. She has filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging her detention. [Doc. No. 6]. While the case was proceeding, Petitioner was granted a bond hearing at which an Immigration Judge determined that her continued detention was justified because she "constitutes a flight risk." [Doc. No. 13-1 at 3]. The matter was referred to United States Magistrate Judge Shon T. Erwin who issued a Report and Recommendation recommending that the Court: (1) deny the Petition as moot; (2) dismiss Petitioner's conditions of confinement claims without prejudice; and (3) deny Petitioner's motion to prohibit her transfer. [Doc. No. 14].

Petitioner filed an Objection [Doc. No. 15] and the Court permitted her to file a Supplemental Objection [Doc. No. 17], both triggering de novo review as to those portions of the Report and Recommendation to which a specific objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). On findings that the parties did not address, de novo review is not warranted, and the Court reviews the Report and Recommendation only "to confirm that there is no clear error on the face of the record." *Barnett v. Okla. State Reformatory*, No. CIV-25-248-J, 2025 WL 2205827, at *1 (W.D. Okla. Aug. 4, 2025) (citation modified).

As a preliminary matter, neither party challenges Judge Erwin's conclusion that this Court should deny Petitioner's motion to prohibit her transfer. [Doc. No. 14 at 2 n.3]. Finding no clear error, this conclusion is ADOPTED.

Turning to Petitioner's objections, the Court has conducted a de novo review and concurs with Judge Erwin's finding that Petitioner has not established a basis for relief. First, the Court ADOPTS Judge Erwin's conclusion that Petitioner's conditions of confinement claims are subject to dismissal because "a prisoner who challenges the conditions of his confinement must do so through a civil rights action" rather than through federal habeas proceedings. *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *see also Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

Second, the Court agrees that Petitioner's current detention is governed by 8 U.S.C. § 1226(a) under *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). [Doc. No. 14 at 5–7; Doc. No. 17 at 3–4]. In this case, however, Petitioner received the bond hearing to which she is entitled while this proceeding was pending. Thus, the Court agrees with Judge Erwin that no further relief is available. [Doc. No. 14 at 9–10]; *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). Accordingly, the Court ADOPTS Judge Erwin's conclusion that the remaining claims in the Petition must be denied as moot. *Perez v. Holt*, No. CIV-25-1151-SLP, 2026 WL 597126, at *4–7 (W.D. Okla. Mar. 3, 2026) (denying Petition as moot where Petitioner already received a bond hearing).

Finally, to the extent Petitioner raises issues for the first time in her Objection or Supplemental Objection, the Court declines to consider them. "In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001); *see also Bello v. Mullin*, No. CIV-26-1542-R, 2026 WL 2667459, at *1 (W.D. Okla. Sept. 10, 2026); *Mesa Acosta v. Warden, Diamondback Corr. Facility*, No. CIV-26-1760-D, 2026 WL 2943947, at *1–2 (W.D. Okla. Sept. 30, 2026).

Notably, even if the Court considered Petitioner's newly raised challenge to the sufficiency of her bond hearing, the Court lacks jurisdiction to review an Immigration Judge's discretionary decision to deny bond and Petitioner has not adequately raised a constitutional claim to overcome that jurisdictional bar. 8 U.S.C. § 1226(e); *see Makarevich v. Bondi*, No. 1:25-CV-01002-KG-JHR, 2025 WL 3653895, at *1 (D.N.M. Dec. 17, 2025); *Mwangi v. Terry*, 465 F. App'x 784, 786 (10th Cir. 2012) (unpublished).

Accordingly, the Court ADOPTS the thorough and well-reasoned Report and Recommendation [Doc. No. 14] and DENIES Petitioner's motion to prohibit her transfer [Doc. No. 7], DENIES Petitioner's conditions of confinement claims WITHOUT PREJUDICE, and DENIES Petitioner's remaining claims as MOOT.[1]

A separate judgment will enter.

IT IS SO ORDERED this 26th day of October, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

[1] The Court does not issue a certificate of appealability as one "is not required in order to appeal a final order in a proceeding under 28 U.S.C. § 2241" for a federal inmate. *Cano v. Holt*, No. CIV-25-01228-JD, 2026 WL 736461, at *14 (W.D. Okla. Mar. 16, 2026) (citation omitted) (declining to enter a certificate of appealability in a § 2241 immigration case).